UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**BRIAN SULLIVAN,**                              Chapter 7
    Debtor                    Case No. 08-18652-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~

**STEPHANIE R. LUSSIER,**
    Plaintiff
v.                                               Adv. P. No. 09-1211
**BRIAN SULLIVAN,**
    Defendant

~~~~~~~~~~~~~~~~~~~~~~~~~~~

MEMORANDUM

Two matters are before the Court: 1) Plaintiff's Request for Fees and Costs, pursuant to which Stephanie Lussier (the "Plaintiff") seeks fees and costs in the total sum of $8,302.50;[1] and 2) the Defendant's Motion to Stay Pending Appeal, pursuant to which the

---

[1] The Plaintiff seeks the following:
Court fees                                           $250.00

1

Brian Sullivan, (the "Debtor" or the "Defendant") seeks a stay of further proceedings pending appeal,[2] or, in the alternative, a denial of the Plaintiff's "request for sanctions," such as the cost of file folders and paralegal services. Neither party proffered legal support for their respective positions, and the Plaintiff did not substantiate her Request for Fees and Costs with receipts or other evidence of payment.

In <u>Bridgewater Credit Union v. McCarthy (In re McCarthy)</u>, 243 B.R. 203 (B.A.P. 1st Cir. 2000), the United States Bankruptcy Appellate Panel for the First Circuit observed:

> The general rule in federal litigation is the "American Rule," under which the prevailing litigant is not entitled to collect his reasonable attorney's fees from his opponent unless authorized by statute or provided for by contract. *See* <u>Alyeska Pipeline Serv. Co. v. Wilderness Soc'y</u>, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); <u>In re Sheridan</u>, 105 F.3d 1164, 1166 (7th Cir.1997) (rehearing en banc denied). The courts do not have "roving authority" to award counsel fees whenever they might consider it warranted. <u>Roosevelt Campobello Int'l. Park Comm'n v. EPA</u>, 711 F.2d 431, 435 (1st Cir. 1983) (quoting <u>Alyeska Pipeline Serv. Co.</u>, 421 U.S. at 260, 95 S.Ct. 1612).

---

| | |
|---|---|
| Legal Research (115 hours x $40) | $4,600.00 |
| Para Legal [sic] Services (25 hours x $25.00) | $625.00 |
| Pacer services | $150.00 |
| Document typing services | $750.00 |
| 341 transcript | $168.00 |
| Auto appraisal service | $250.00 |
| Cost for subpoena documents | $150.00 |
| Postage and mailing materials | $300.00 |
| Loss of income | $750.00 |
| Misc. supplies ( folders files) | $174.29 |
| Travel | $134.76 |

[2] The Debtor referenced obtaining a supersedeas bond pursuant to Fed. R. Civ. P. 62(d), but correctly observed the difficulty with the applicability of the rule in the absence of a money judgment. He requested the Court to treat the Motion for Stay Pending Appeal as an objection to the Plaintiff's Request for Fees and Costs.

The American Rule reigns in the bankruptcy forum. *See* In re Sheridan, 105 F.3d at 1166; *see also* In re DN Assocs., 165 B.R. 344, 348-49 (Bankr. D. Me.1994) (applying American Rule in bankruptcy setting). In the context of dischargeability disputes concerning consumer debts, however, § 523(d) intervenes, providing that:

> If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

§ 523(d).

In re McCarthy, 243 B.R. at 207. Although the Panel in McCarthy referred only to attorney's fees, in decisions such as In re Sheridan courts have considered requests for attorneys' fees and costs associated with suit. The Plaintiff's assertion of entitlement to compensation for paralegal services and legal research is sufficiently analogous to attorney's fees for this Court to apply the American Rule.

The Plaintiff succeeded in obtaining a judgment denying the Debtor his discharge under 11 U.S.C. § 727(a)(4)(A). She is not, however, the holder of a consumer debt and, thus, does not qualify for an award of fees and costs under 11 U.S.C. § 523(d). Moreover, the Plaintiff did not assert that she is entitled to an award of fees and costs either contractually or pursuant to any statute. Accordingly, in accordance with the American Rule, the Court denies her Request for Fees and Costs; sustains the Debtor's objection to her Request contained in his Motion to Stay; and grants the Debtor's Motion to Stay

3

Pending Appeal to the extent that the Motion to Stay is, in effect, and objection to the Plaintiff's Request.

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: March 7, 2011